UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SANTIAGO MOSQUEDA BALTIERRA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. 5:17-cv-589 |
| JUAN D. MALDONADO ENTERPRISE CORP., | § § § § | |
| Defendant. | § § | |

## ORIGINAL COMPLAINT

This is an action for unpaid wages brought pursuant to the federal Fair Labor Standards Act ("FLSA") by a worker employed by Defendant's landscaping business, Juan D. Maldonado Enterprise Corp., d/b/a Maldonado Nursery Landscape and Irrigation, in and around Seguin, Guadalupe County, Texas. Plaintiff regularly worked more than 40 hours per week and Defendant did not pay Plaintiff the required overtime premium for all hours worked in excess of 40 hours during each workweek. Defendant failed to accurately record the hours Plaintiff worked, and repeatedly underpaid Plaintiff in violation of the FLSA. Plaintiff brings this action to recover damages for Defendant's violations of his rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA").

## JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the following:

    a. 28 U.S.C. §1331 (Federal Question);

    b. 28 U.S.C. § 1337 (Interstate Commerce); and

    c. 29 U.S.C. § 216(b) (FLSA).

2. This Court has personal jurisdiction over Defendant because Defendant has had sufficient contacts with this forum to give this Court general jurisdiction over Defendant.

3. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) and (2).

4. The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202.

## PARTIES

5. Plaintiff Santiago Mosqueda Baltierra is an individual who worked for Defendant's landscaping business in Guadalupe County, Texas. Plaintiff Santiago Mosqueda Baltierra has consented to the filing of this action for violations of the FLSA. *See* Exhibit A.

6. Defendant Juan D. Maldonado Enterprise Corp., d/b/a Maldonado Nursery Landscape and Irrigation, is a corporation formed and existing under the laws of the State of Texas and whose principal place of business is 3011 Hwy 90 W, Seguin, Texas 78155. Defendant Juan D. Maldonado Enterprise Corp., d/b/a Maldonado Nursery Landscape and Irrigation, may be served with process by serving its registered agent, Juan D. Maldonado, at 3011 Hwy. 90 W, Seguin, Texas 78155.

## FACTS

7. Defendant operates a landscaping business known as Maldonado Nursery Landscape and Irrigation out of its main office located at 3011 Hwy 90 W, Seguin, Texas 78155.

8. Defendant employed Plaintiff to perform manual labor as a landscaping laborer for Defendant's business.

9. Plaintiff Santiago Mosqueda Baltierra was employed by Defendant as a landscape laborer during several periods of time between 2013 and 2016, as well as several periods of time prior to 2013.

10. In order to find sufficient workers to fill its landscape laborer positions, Defendant has repeatedly petitioned the Department of Homeland Security (DHS) for permission to recruit and retain foreign workers to perform landscape services using H-2B temporary work visas.

11. By regulation, DHS requires a petition for H-2B visas to be accompanied by a temporary labor certification from the Department of Labor (DOL). To obtain such a certification, an employer must request a determination from DOL of the prevailing wage applicable to the employer's job openings and the area of employment. The employer must then engage in specific efforts to recruit U.S. workers at no less than the prevailing wage. If the recruitment efforts do not produce sufficient U.S. workers to fill all of the employer's job openings, the employer may submit a temporary labor certification application to DOL on Form 9142. The application requires employers to set for the terms and conditions of work that the employer is offering to the foreign workers it seeks to hire. The terms must be no less favorable than the terms offered to U.S. workers and must include a promise to pay no less than the prevailing wage for all hours of work.

12. In each of the years 2013 to 2016, Defendant obtained a prevailing wage determination from DOL for the landscape laborer positions.

13. Defendant used one of its H-2B visas to hire Plaintiff as a landscape laborer during 2013, 2014, 2015, and 2016, as well as several years prior to 2013.

14. In each of the years at issue, Defendant entered into work contracts with the U.S. and foreign H-2B workers, including the Plaintiff, it recruited to work as landscape laborers. Those work contacts explicitly and/or by operation of law offered the terms and conditions set forth in Defendant's Form 9142 labor certification applications, including the promise to pay the required prevailing wage rate based on the work performed by the H-2B worker.

15. In order to be approved for the H-2B temporary worker visa program, Defendant promised to pay Plaintiff between $8.79 and $12.21 per hour depending on the year. In spite of this, Defendant did not pay Plaintiff the promised rate for all hours Plaintiff worked. Defendant paid Plaintiff at an effective hourly wage rate less than these promised amounts for all hours Plaintiff worked, and less than the required prevailing wage rate based on the work performed by and the proper job classification for Plaintiff.

16. At all times relevant to this action, Plaintiff routinely worked more than 40 hours per week for Defendant, and regularly worked more than 45 hours per week for Defendant.

17. Defendant had a practice and policy of paying "straight time" for overtime hours worked, instead of paying overtime hours at an overtime rate of one and one half times Plaintiff's regular rate of pay.

18. Defendant failed to pay Plaintiff the required time and one-half his regular rate of pay as overtime compensation for all hours Plaintiff worked in excess of 40 hours during each work week.

19. Defendant did not properly record the number of hours Plaintiff worked for Defendant as required by the Fair Labor Standards Act.

20. At all times relevant to this action, Plaintiff was an employee of Defendant.

21. At all times relevant to this action, Defendant controlled and supervised the work performed by Plaintiff.

22. In performing his landscaping work, Plaintiff handled goods and equipment imported from other countries and states, including landscaping tools and landscaping materials.

23. Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce,

or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done in excess of $500,000, exclusive of excise taxes at the retail level which are separately stated.

24. At all times relevant to this action, Defendant knowingly, willfully, or with reckless disregard, carried out its illegal pattern or practice of failing to pay overtime compensation due to Plaintiff.

## CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT

25. Plaintiff reincorporates and realleges each of the foregoing paragraphs of this Complaint as if fully set forth herein.

26. This count sets forth a claim for declaratory relief and damages for Defendant's violation of the overtime provisions of the FLSA.

27. Defendant violated the FLSA, 29 U.S.C. § 207(a), by failing to pay Plaintiff the proper overtime wage rate.

28. Defendant's failure to pay Plaintiff his federally mandated overtime wages was a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

29. As a consequence of Defendant's violations of the FLSA, Plaintiff is entitled to recover his unpaid overtime wages, plus an additional equal amount in liquidated damages, the costs of suit, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this court:

a. Declare Defendant in violation of each of the counts set forth above;

b. Award damages to Plaintiff for Defendant's failure to pay overtime wages under the FLSA and an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b);

c. Award Plaintiff the costs of this action;

d. Award Plaintiff reasonable attorney's fees;

e. Award Plaintiff Post-Judgment interest, as provided by law; and

f. Grant such other relief as this Court deems just and proper.

Dated this 30th day of June, 2017.

Respectfully submitted,

EQUAL JUSTICE CENTER
8301 Broadway St., Ste. 309
San Antonio, Texas 78209
Telephone: (210) 308-6222
Telecopier: (210) 308-6223
www.equaljusticecenter.org

By: /s/ Colleen Mulholland
Colleen Mulholland
State Bar No. 24091765
cmulholland@equaljusticecenter.org

Philip J. Moss
State Bar No. 24074764
pmoss@equaljusticecenter.org

COUNSEL FOR PLAINTIFF